**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

JOSEPH ADAMS,

               Plaintiff,               CASE NO. 17-13042
                                         HON. DENISE PAGE HOOD

v.

FORD MOTOR COMPANY,
FELICIA FIELDS,
JIMMY SETTLES, and
UAW,

               Defendants.

_____/

**ORDER GRANTING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS [#12]**

## I.    BACKGROUND

### A. Procedural Background

On August 25, 2017, *pro se* Plaintiff Joseph Adams ("Adams") brought this action in Michigan's 19th District Court against Defendants Ford Motor Company ("Ford"), Felicia Fields ("Fields"), Jimmy Settles ("Settles"), and UAW ("UAW") (collectively, "Defendants"). Adams alleges that Ford violated the collective bargaining agreement by wrongfully terminating him, and that UAW breached the duty of fair representation by failing to legally represent his interests. (Doc # 1-1, Pg. 4) Adams seeks to be awarded his pension from Ford. (*Id.*) On September

1

15, 2017, Defendants Fields and Ford removed this action to federal court because Adams's claims arise under § 301 of the Labor Management Relations Act ("LMRA"). (Doc # 1) Defendants Ford and Fields filed an Answer on September 22, 2017. (Doc # 3) On September 26, 2017, Defendants UAW and Settles consented to removal, and filed an Answer. (Doc # 4; Doc # 5)

This matter is before the Court on Defendants' Motion for Judgment on the Pleadings filed on December 15, 2017. (Doc # 12) Adams filed an Answer to the present Motion on January 18, 2018. (Doc # 14) Defendants filed a Reply on February 2, 2018. (Doc # 15)

Defendants request the Court issue a judgment in their favor because Adams's hybrid § 301 LMRA claim is time-barred by the six-month statute of limitations. (Doc # 12, Pg. 6) For the reasons that follow, Defendants' Motion for Judgment on the Pleadings is **GRANTED**.

### B. Factual Background

Ford terminated Adams's employment on August 22, 1986. (Doc # 1-1, Pg. 6) Adams brought this claim against Ford for wrongful termination and the UAW for breaching its fiduciary obligation to represent his interest. (Doc # 1-1, Pg. 4) Adams was unable to work due to an injury he suffered. Adams alleges Ford "breached . . . by not verifying the injury in a timely manner." (*Id.*) Adams has provided the Court with a doctor's note and a letter from Ford, both dated during

August 1986, to support his wrongful termination claim. (*Id.* at 24-25) Adams also alleges the UAW failed to meet its "fiduciary obligation to be his legal representative . . . [and] represent [him] in a fair and equitable way", and failed to allow the grievance process to "take its full course." (*Id.* at 11) Adams attached a copy of the original grievance letter and a letter from the UAW indicating the denial of his grievance to the Complaint. (*Id.* at 21, 26)

Since the late 1980s until the present, Adams has written several letters to various entities discussing the claims alleged in this action. Adams has written at least four letters to Ford, six letters to the UAW, and letters to top government officials, including President George W. Bush and United States Senator Carl Levin. (*Id.* at 12-23, 27) Adams brought this action roughly thirty-one years after his termination from Ford.

## II.    ANALYSIS

### A. Standards of Review

#### 1. *Rule 12(c)*

Federal Rule of Civil Procedure 12(c) authorizes parties to move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial." Fed. R. Civ. P. 12(c). Motions for judgment on the pleadings are analyzed under the same standard as motions to dismiss under Rule 12(b)(6). *Warrior Sports, Inc. v. Nat'l Collegiate Athletic Ass'n*, 623 F.3d 281, 284 (6th Cir.

2010) (internal citation and quotation marks omitted). "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *Id.*

In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the Supreme Court explained that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Id.* at 555. A plaintiff's factual allegations, while "assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *LULAC v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (emphasis in original) (citing *Twombly*, 550 U.S. at 555). "To state a valid claim, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory." *Bredesen*, 500 F.3d at 527 (citing *Twombly*, 550 U.S. at 562).

When deciding a Rule 12(c) motion for judgment on the pleadings, as a general rule, matters outside the pleadings may not be considered unless the motion is converted to one for summary judgment under Fed. R. Civ. P. 56. *See Weiner v. Klais & Co.*, 108 F.3d 86, 88 (6th Cir. 1997). The Court may, however,

consider "the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case, and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Id.* at 89.

### 2. *Pro se*

Federal courts hold *pro se* complaints to "less stringent standards" than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, *pro se* litigants are not excused from failing to follow basic procedural requirements. *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991); *Brock v. Hendershott*, 840 F.2d 339, 343 (6th Cir. 1988). A *pro se* litigant "must conduct enough investigation to draft pleadings that meet the requirements of the federal rules." *Burnett v. Grattan*, 468 U.S. 42, 50 (1984).

### A. Section 301 LMRA Claim

A plaintiff may sue "for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce" under § 301 of the LMRA. 29 U.S.C. § 185(a). Adams alleges that Ford breached the covenant of good faith and fair dealing implied by the collective bargaining agreement between Ford and its employees. In this context, the covenant of good faith and fair dealing is not enforceable as an independent cause of action. "Claims that a breach of a covenant of good faith and fair dealing occurred

through a discharge of [a] plaintiff are preempted [when] they involve construction of the protections afforded or not afforded by the collective bargaining agreement." *Adams v. Nw. Airlines, Inc.*, No. CIV. 87-CV-72421-DT, 1988 WL 156337, at \*3 (E.D. Mich. Aug. 18, 1988) (citing *Trumbauer v. Group Health Co-op of Puget Sound*, 635 F. Supp. 543 (W.D. Wash. 1986) (such claims preempted by § 301 of the Labor Management Relations Act (LMRA)); *see also Avco Corp. v. Aero Lodge No. 735, Int'l Ass'n of Machinists & Aerospace Workers*, 390 U.S. 557, 560 (1968) ("An action arising under [§] 301 is controlled by federal substantive law even though it is brought in a state court.").

In addition, Adams claims that the UAW breached the duty of fair representation also arises under § 301. *See Maynard v. Revere Copper Prod., Inc.*, 773 F.2d 733, 735 (6th Cir. 1985) ("The duty of fair representation relates to an area of labor law which has been so fully occupied by Congress as to foreclose state regulation. Whether union conduct constitutes a breach of the duty of fair representation is a question of federal law."); *see also Vaca v. Sipes*, 386 U.S. 171, 177 (1967) ("It is obvious that [the plaintiff] alleged a breach by the Union of a duty grounded in federal statutes, and that federal law therefore governs his cause of action."). Adams has brought a hybrid § 301 claim because this case consolidates "two separate but interdependent actions: one against the employer for breach of the collective-bargaining agreement and one against the union for

breach of the duty of fair representation." *Young v. Int'l Union United Auto., Aerospace & Agric. Implement Workers of Am., Local 651*, 686 F. App'x 304, 307 (6th Cir. 2017) (quoting *Robinson v. Cent. Brass Mfg. Co.*, 987 F.2d 1235, 1238–39 (6th Cir. 1993)).  In a hybrid § 301 case, although the claims are distinct, liability will not be attached to neither the employer nor the union unless fault on the part of both parties can be established.  *Young*, 686 F. App'x at 307.

In his Answer to the present Motion, Adams argues that he has also brought an ERISA claim.  (Doc # 14, Pg. 4)  The Complaint, however, is clear that this action was brought for  an alleged wrongful termination and an alleged breach of a fiduciary obligation by the UAW.  Adams admits that he is not eligible to receive a pension from Ford, as he was terminated prior to acquiring ten years of credited service with Ford.  (Doc # 1-1, Pg. 6)

Adams is seeking relief in the form of eligibility to receive a pension from Ford.  He does not argue that he was terminated because of a motivation to deprive him of his pension.  A plaintiff's loss of pension benefits as a byproduct of his termination for reasons unrelated to eligibility to receive a pension does not give rise to an ERISA claim.  *Yageman v. Vista Maria, Sisters of the Good Shepherd*, 767 F. Supp. 144, 145 (E.D. Mich. 1991).  *See also Campbell v. Aerospace Corp.*, 123 F.3d 1308, 1313 (9th Cir. 1997) ("[T]he loss of benefits as a consequence of termination did not give rise to ERISA . . . .");  *Rozzell v. Sec.*

*Servs., Inc.*, 38 F.3d 819, 822 (5th Cir. 1994) ("[The] complaint, however, alleges only one cause of action, that [plaintiff] was fired . . . for filing a workers' compensation claim. Under the well-pleaded complaint rule, the court will look past the words in the complaint to the substance of the claim alleged."). Adams's claim is a hybrid claim under § 301 of the LMRA.

**B.** Statute of Limitations

A six-month statute of limitations applies to hybrid § 301 claims. *Garrish v. Int'l Union United Auto., Aerospace & Agric. Implement Workers of Am.*, 417 F.3d 590, 594 (6th Cir. 2005). "Such a claim accrues when an employee discovers, or should have discovered with exercise of due diligence, acts giving rise to the cause of action." *Id.* (citing *Wilson v. Int'l Bhd. of Teamsters*, 83 F.3d 747, 757 (6th Cir.1996)). A plaintiff is not required to file suit on a hybrid claim until they reasonably should know that the union has withdrawn their grievance against the employer or otherwise abandoned their claim. *Garrish*, 417 F.3d at 594. "[T]he statute of limitations is not tolled during the time an employee pursues internal union remedies that are completely futile." *Id.*

Adams's employment with Ford was terminated on August 22, 1986. Adams filed a grievance with Ford on June 14, 1996, nearly ten years after his termination from Ford. (Doc # 1-1, Pg. 10) The grievance was denied at the first stage on August 19, 1996. (*Id.*) Adams's grievance was reviewed by the UAW

on April 16, 1997, and the union decided not to pursue Adams's grievance any further. (*Id.*) Notification of the conclusion of Adams's grievance by Ford, and the subsequent decision to abandon the grievance by UAW, was sent to Adams via letter from the UAW on or around October 13, 2003. (*Id.*) Adams attached the October 13, 2003 UAW letter to his Complaint, as well as several other letters which indicate Adams was aware of UAW's abandonment by May 2004 at the latest. (*Id.* at 12) These facts were provided by Adams in support of his Complaint. Adams's hybrid § 301 claim has been time-barred for at least thirteen years.

In his Complaint, Adams suggested this case might also involve an employment discrimination claim under Michigan's Elliot-Larsen Civil Rights Act (ELCRA). (Doc # 1-1, Pg. 4) A cause of action under the Act is subject to a three-year statute of limitations. MCL § 600.5805(10); *Bell v. CSX Transp., Inc.*, 172 F. Supp. 2d 933, 937 (E.D. Mich. 2001). In this case, the period of limitations for a claim under the ELCRA began to run from the date Adams was terminated by Ford. *See Janikowski v. Bendix Corp.*, 823 F.2d 945, 950–51 (6th Cir. 1987) ("[T]he period of limitations for [plaintiff's] Elliot-Larsen claim began to run from the date his employment was terminated . . . ."). Adams was terminated on August 22, 1986. Any ELCRA claim Adams could have brought was time-barred in 1989.

A district court has discretion to limit or deny discovery. *Adkins v. United Mine Workers of Am.*, 941 F.2d 392, 398 (6th Cir. 1991); *Chrysler Corp. v. Fedders Corp.*, 643 F.2d 1229, 1240 (6th Cir. 1981) ("A ruling by the trial court limiting or denying discovery will not be cause for reversal unless an abuse of discretion is shown."). Adams's claims are time-barred. He has failed to state a claim for relief. There is no need for discovery in this case.

The Court **GRANTS** Defendants' Motion for Judgment on the Pleadings. This case is **DISMISSED WITH PREJUDICE**.

## III.     CONCLUSION

Defendants Ford Motor Company, Felicia Fields, Jimmy Settles, and the UAW's Motion for Judgment on the Pleadings is **GRANTED**.

This action is **DISMISSED WITH PREJUDICE**.

S/Denise Page Hood
Denise Page Hood
Chief Judge, United States District Court

Dated:  May 1, 2018

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 1, 2018, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager